MARIA NAVARRE

VERSUS

PERISTYLE RESIDENCES, LLC AND LUBA

CASUALTY INSURANCE COMPANY

NO. 22-C-249

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Susan S. Buchholz
First Deputy, Clerk of Court

June 30, 2022

Susan Buchholz
First Deputy Clerk

IN RE PERISTYLE RESIDENCES, LLC AND LUBA CASUALTY INSURANCE COMPANY

APPLYING FOR SUPERVISORY WRIT FROM THE OFFICE OF WORKERS' COMPENSATION, DISTRICT 7, PARISH OF WORKMENS COMP, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE SHANNON BRUNO BISHOP, NUMBER 21-4442

Panel composed of Judges Susan M. Chehardy,
Fredericka Homberg Wicker, and Jude G. Gravois

**WRIT DENIED**

On August 6, 2021, claimant-respondent, Maria Navarre, filed a Disputed Claim for Compensation, alleging that she sustained injuries to her neck and back on June 26, 2021, while restraining a disorderly patient in the course and scope of her employment with Peristyle Residences, L.L.C. Defendant-employer, Peristyle, filed an Answer, denying that an accident or subsequent compensable injuries occurred.[1]

Peristyle subsequently filed a "Motion and Order to Appoint IME," seeking a court-appointed independent medical provider to evaluate claimant and render an opinion pursuant to La. R.S. 23:1123. Peristyle claimed that due to the conflicting opinions reached by claimant's treating physician, Dr. Marco Rodriguez, and the second medical opinion obtained by Peristyle from Dr. Christopher Cenac, Sr., an independent medical examination would be appropriate in this case.

Upon evaluation and review of prior medical records, Dr. Cenac opined that Ms. Navarre suffered from degenerative disc disease of the cervical, thoracic, and lumbar spines, and that those diagnoses were unrelated to the June 26, 2021 accident. Dr. Cenac found that Ms. Navarre sustained no residual or physical limitations related to the alleged accident, that "malingering is suspect[ed]," and

---

[1] Claimant filed a first and second supplemental petition. In her second supplemental petition, claimant alleged that defendant-employer committed fraud pursuant to La. R.S. 23:1208 when it represented that the earliest it received notice of claimant's accident was July 15, 2021.

22-C-249

that she was able to return to the same level of physical activity that she was capable of prior to the accident. Dr. Marco Rodriguez's medical report, however, opined that Ms. Navarre suffered from cervical facet syndrome, thoracic spine pain, and lumbrosacral facet joint syndrome with radiculopathy. Dr. Rodriguez further opined that "[t]he patient's diagnoses are directly related to the Work-related injury on the above stated date [June 26, 2021]." Dr. Rodriguz further opined that Ms. Navarre had not yet reached maximum medical improvement but could tolerate employment with light-duty restrictions.

At the April 22, 2022 hearing, the OWC judge found that "there is a dispute between causation and disability. But there's also a dispute as far as whether…she was involved in an accident, sustained an injury in the course []and scope of employment." The OWC judge took the matter under advisement. On May 5, 2022, the OWC judge issued a written judgment, denying Peristyle's Request for an IME. The written judgment stated:

> **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that Defendant's Request for IME pursuant to LA[.] R.S. 23:1123 is denied. Said request must be submitted to the Assistant Secretary of the Office of Workers' Compensation for consideration.

> **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that a request for IME pursuant to LA[.] R.S. 23:1124.1 is not warranted under the current facts. Upon submission of the case, the Court will review and weigh the evidence to determine causation. Should the Court require an additional medical opinion, an IME pursuant to LA[.] R.S. 23:1124.1 may be scheduled at that time.

In her written reasons for judgment, the OWC judge explained her ruling as follows:

> This cause came before the Court on Defendant's Motion to Appoint Independent Medical Examination (IME). Louisiana Revised Statute 23:1123 provides that either party may apply to the assistant secretary to order an employee to be examined for an additional medical opinion. In the instant case, defendant did not petition the assistant secretary. Thus, the request for an IME pursuant to LA[.] R.S. 23:1124.1 is not applicable. Pursuant to Louisiana Revised Statute 23:1124.1, the workers' compensation judge on his own motion may order any claimant appearing before it to be examined by other physicians. This statute gives discretion to the judge to order an independent medical examination. This court, in its discretion, declines to order an IME at this time. Should the Court review the facts and evidence in this matter and determine that an IME is warranted, one will be appointed. Further, this Court will review and weigh the evidence to determine causation. Should the Court require an additional medical opinion, an IME pursuant to LA[.] R.S. 23:1124.1 may be scheduled at that time.

In this writ application, relator, Peristyle, seeks review of the OWC judge's denial of its Request for IME. Peristyle argues only that the appointment of an IME is mandatory under La. R.S. 23:1123 when a dispute arises concerning an employee-claimant's condition or capacity to work. Peristyle contends that, when such a dispute arises, which it contends is

2

evident from the two conflicting medical opinions rendered in this case, an IME is statutorily mandated under La. R.S. 23:1123. Claimant opposes the appointment of an IME, at this time, asserting that the statute provides Peristyle must seek an IME pursuant to the instructions provided in the Workers' Compensation Act, set forth in La. R.S. 23:1123, by the filing of a *Request for Independent Medical Examination (LWC-WC Form 1015)* from the Assistant Secretary with the Office of Workers' Compensation Medical Services Division.

Peristyle filed its Request for IME pursuant to La. R.S. 23:1123, which provides:

> If any dispute arises as to the condition of the employee, or the employee's capacity to work, the assistant secretary, upon application of any party, shall order an additional medical opinion regarding an examination of the employee to be made by a medical practitioner selected and appointed by the assistant secretary. The medical examiner shall report his conclusions from the examination to the assistant secretary and to the parties and such report shall be prima facie evidence of the facts therein stated in any subsequent proceedings under this Chapter.

La. R.S. 23:1123.

This Court has recently explained that the "starting point in interpretation of any statute is the language of the statute itself." *Handy v. Par. of Jefferson*, 20-122 (La. App. 5 Cir. 6/1/20), 298 So.3d 380, 389. The language of the statute itself is considered the best evidence of the legislature's intent and will. *Id.* It is a basic principle of statutory construction that the legislature is presumed to have intended every word and phrase included in a statute to have some meaning and that none was inserted by accident. *Id.*, citing *ABL Management, Inc. v. Board of Sup'rs of Southern University*, 00-0798 (La. 11/28/00), 773 So.2d 131,135(quotations omitted). Conversely, it is not presumed that the legislature inserted idle, meaningless, or superfluous language in a statute or that it intended any part of the statute to be meaningless, redundant, or useless. *Id.*

The statutory language set forth in La. R.S. 23:1123 specifically provides that, upon application of any party, *the assistant secretary* shall order an additional medical opinion regarding an examination of the employee…by a medical practitioner selected and *appointed by the assistant secretary*. (emphasis added). The title "assistant secretary" is defined in La. R.S. 23:1201 of the Workers' Compensation Act as "the assistant secretary of the office of workers' compensation administration." Accordingly, it appears, from the plain language of the statute, that the Act contemplates a procedure to be followed in requesting an IME under La. R.S. 23:1123 that Peristyle failed to comply with in this instance.[2] We cannot read the statute and interpret the

---

[2] We point out that La. R.S. 23:1317.1, in pertinent part, provides:

Any party wishing to request an additional medical opinion regarding a medical examination of the claimant pursuant to R.S. 23:1123 and 1124.1 shall be required to make its request at or prior to the pretrial conference. Requests for additional medical opinions regarding medical examinations made after that time shall be denied except for good cause or if it is found to be in the best interest of justice to order such examination.

\* \* \*

Objections to the additional medical opinion regarding a medical examination shall be made on form LDOL-WC-1008, and shall be set for hearing before a workers' compensation judge within thirty days of receipt. No mediation shall be scheduled on disputes arising under this Section.

3

statutory language to render meaningless the instruction that the "assistant secretary" appoint an IME upon request of a party pursuant to La. R.S. 23:1123.

Upon review of the writ application and attachments thereto, we find that the OWC judge correctly declined to appoint an IME as requested under La. R.S. 23:1123. Accordingly, this writ is denied.

Gretna, Louisiana, this 30th day of June, 2022.

**FHW**
**SMC**
**JGG**

4

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES



**FIFTH CIRCUIT**

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

CURTIS B. PURSELL
CLERK OF COURT

MARY E. LEGNON
INTERIM CHIEF DEPUTY CLERK

SUSAN S. BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY **06/30/2022** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**22-C-249**

### E-NOTIFIED

Office of Workers' Compensation, District 7 (Clerk)
Hon. Shannon Bruno Bishop (DISTRICT JUDGE)
Timothy E. Benedetto (Respondent)

### MAILED

Eric J. Waltner (Relator)
Attorney at Law
Post Office Box 81129
Lafayette, LA 70598